UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SOUND MILL, INC., a Washington
corporation,

                Plaintiff,

         v.

PLH PRODUCTS, INC., a California
corporation; PACIFIC CEDAR SUPPLY,
LTD., a foreign corporation; S.W. LEE; and
MOL (AMERICA), INC., a Delaware
Corporation,

             Defendants.

Case No. C05-5052  RBL

ORDER ON DEFENDANTS' MOTIONS
FOR SUMMARY JUDGMENT

## I. INTRODUCTION AND SUMMARY CONCLUSION

This matter comes before the Court on three separate motions for summary judgment by

Defendants PLH Products, Inc., S.W. Lee, and Ja Ran Lee.  (Dkt. No. 31, 35, 38).  Having reviewed the

parties' submissions and finding that oral arguments are not necessary for the disposition of these motions,

the Court hereby GRANTS Defendant Ja Ran Lee's motion because she is not a party in this action.  The

Court further DENIES Defendants PLH and S.W. Lee's motions because genuine issues of material fact

remain for trial. The reasons for the Court's order are set forth below.

## II. BACKGROUND

The following facts are set forth in a light most favorable to Plaintiff:

Defendant Pacific Cedar Supply, Ltd. is a foreign corporation that manufactures and supplies treated wood and finished wood products. Plaintiff Sound Mill, Inc. is a Washington corporation that primarily supplies Alaska spruce cants for piano sounding boards to a Korean piano manufacturer. In the Spring of 2004, Plaintiff lost its central customer and had approximately 171,794 board feet of spruce cants in its inventory.

In March 2004, S.W. Lee approached Simon Cheong, Plaintiff's export manager, and introduced himself as Pacific Cedar and PLH's president. Mr. Lee was interested in purchasing Plaintiff's spruce cant inventory. After Mr. Lee inspected both the cants and their certifications at its Tacoma, Washington facility, the parties negotiated a unit price of $900.00 per thousand board feet for Plaintiff's entire inventory, regardless of grade.

In the timber industry, sales are made either 1) in all cash paid in advance or 2) by an irrevocable letter of credit to be exchanged for documents. While Plaintiff wanted an all cash sale due to its financial situation and lack of experience with Mr. Lee, it agreed to a part cash-part letter of credit arrangement. The June 8, 2004 sales agreement called for a 20% cash deposit followed by an irrevocable letter of credit to be opened by June 30, 2004, totaling $30,919.56 and $123,678.12, respectively.

Mr. Cheong contacted Mr. Lee when Pacific Cedar failed to wire the 20% down payment as agreed. Mr. Lee informed Mr. Cheong that PLH Products, Inc., not Pacific Cedar, would be purchasing the spruce cants, making the necessary down payment, and opening the letter of credit as required by the sales agreement. The parties never discussed altering the sale agreement's terms. Additionally, Mr. Lee never informed Plaintiff that a loan transaction existed between PLH and Pacific Cedar.

While PLH did wire the 20% down payment to Plaintiff on July 1, 2004, PLH did not open the letter of credit required by the sales agreement. On July 14, 2004, Plaintiff invoiced PLH the remaining

contract balance.  PLH neither denied its liability for the contract balance nor objected to the invoice's terms that provided for payment by letter of credit prior to delivery.  Mr. Cheong spoke to a PLH employee who advised him that PLH would open the letter of credit as agreed.

On July 17, 2004, the spruce cants were loaded on a ship to China and a Bill of Lading was sent to PLH.  *Id.*  Plaintiff states that Pacific Cedar, PLH and Mr. Lee never objected to the Bill of Lading's terms.  After not receiving the letter of credit when the spruce cants arrived in China on August 1, 2004, Plaintiff contacted PLH and was instructed the letter of credit would be opened subject to Mr. Lee's approval.

A dispute arose surrounding payment and cargo delivery and was submitted to the Qingdao Maritime Court of the People's Republic of China.  Plaintiff and Pacific Cedar settled their dispute for $50,000 and the spruce cants were transferred to Pacific Cedar.  At approximately the same time as the dispute, Plaintiff filed an action for breach of contract and fraudulent misrepresentation against, inter alia, PLH, Mr. Lee and Mrs. Lee.  Defendants now seek summary judgment review in this Court.

### III. STANDARD OF REVIEW

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law.  Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answer to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial."  *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986).  "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient."  *Triton Energy Corp. v. Square D Co.,* 68 F.3d 1216, 1221 (9th Cir. 1995).  Factual disputes whose resolution would not affect the outcome of the suite are irrelevant to the consideration of a motion for summary judgment.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  In other words, "summary judgment should be granted where the non-moving party fails to offer evidence from

which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy Corp.*, 68 F.3d at 1220.

IV. DISCUSSION

A. PLH's Motion for Summary Judgment

1. Assignment/Delegation

PLH argues summary judgment is appropriate because Plaintiff cannot show Pacific Cedars' contractual obligations were assigned to PLH. (Dkt. No. 49 at 4). PLH alternatively argues that, even if an assignment occurred, its liability did not extend beyond the 20% down payment. *Id.* Plaintiff responds that, based upon its dealing with Mr. Lee and PLH, there are genuine issues of material fact as to whether Pacific Cedar delegated its entire contractual obligations to PLH. (Dkt. No. 44 at 8).

In the absence of language or circumstances to the contrary, a party's assignments of its rights under a sales contract is a delegation of its performance of the duties of the assignor and its acceptance by the assignee constitutes a promise by him to perform those duties. RCW 62A.2-210(5). Viewing the evidence in the light most favorable to Plaintiff, Plaintiff has offered sufficient evidence to raise genuine issues of material fact on whether Pacific Cedar assigned its contractual obligations to PLH. To be sure, Plaintiff has no documentary evidence showing Pacific Cedar actually assigned its contractual rights to PLH. However, Plaintiff has evidence that Mr. Lee notified Plaintiff that PLH, not Pacific Cedar, would be the party both purchasing and paying for the spruce cants. (Dkt. No. 49 at 3). Plaintiff also offered evidence PLH wired the 20% down payment to Plaintiff's account. *Id.* Finally, Plaintiff not only billed PLH for the spruce cants' remaining purchase price, but also spoke with a PLH employee who advised it that PLH would open the letter of credit for the outstanding balance. (Dkt. No. 44 at 9). Because Plaintiff's assignment evidence extends beyond mere conclusory allegations, whether Pacific Cedar

delegated its contractual obligations to PLH, either in whole or in part, is a disputed question of fact for the jury to decide. *See Marks v. United States,* 578 F.2d 261, 263, (9th Cir. 1978).

      2. <u>Oral Contract</u>

      Plaintiff alternatively argues PLH entered into an enforceable oral contract when it both made the 20% down payment and failed to object to Plaintiff's July 14, 2004 invoice. (Dkt. No. 44 at 10). PLH responds this purported oral contract fails for lack of consideration. (Dkt. No. 49 at 5).

      A promise to carry out a contract subsisting between two parties, or the performance of such a contractual duty, is not a consideration that will support a contract. *See Harris v. Morgensen,* 31 Wn.2d 228, 243 (1947). Viewing the evidence in the light most favorable to Plaintiff, Pacific Cedar assigned its contractual obligations to PLH. Therefore, Mr. Lee's promises that PLH would pay the 20% down payment and open the letter of credit were premised on the existing contract between Plaintiff and Pacific Cedar. Accordingly, Plaintiff's alternative argument that an oral contract exists between Plaintiff and PLH is unpersuasive because Mr. Lee's promises concerned an existing legal obligation and no new consideration was provided.

      3. <u>Apparent Authority</u>

      PLH argues summary judgment is appropriate because it never made any representations to Plaintiff that would create apparent authority. (Dkt. No. 49 at 2). Plaintiff responds there is sufficient evidence such that a reasonable trier of fact could find Mr. Lee had apparent authority to bind PLH in a transaction with Plaintiff. (Dkt. No. 44 at 15). This Court agrees with Plaintiff.

      Under principles of agency, an agent can bind a principal when he or she has apparent authority to do so. *See King v. Riveland,* 125 Wn.2d 500, 507, 886 P.2d 160 (1994). Apparent authority exists where words or conduct by the principal are reasonably interpreted by a third party as conferring authority upon the agent. *See State v. Bryant,* 146 Wn.2d 90, 102, 42 P.3d 1278 (2002) (citations omitted). However,

whether an agent has apparent authority to make a contract depends upon the circumstances and is to be decided by the trier of fact. *See Costco v. World Wide,* 78 Wn. App. 637, 646, 898 P.2d 347 (1995) (citations omitted).

Viewing the evidence in the light most favorable to Plaintiff, Plaintiff has offered sufficient evidence to raise genuine issues of material fact on whether Mr. Lee had apparent authority to bind PLH in a transaction with Plaintiff.  First, Plaintiff has offered evidence that Mr. Lee represented himself as PLH's chairman through both conversations and business cards.  (Dkt. No. 44 at 14).  Second, Plaintiff has also offered evidence that Mr. Lee and his wife are both directors of PLH, his wife is PLH's Chief Financial Officer and corporate secretary, and PLH provides Mr. Lee with a desk and accepts mail for him at its address.  *Id.*  Finally, PLH sent the down payment after Mr. Lee instructed Plaintiff that PLH would be purchasing the spruce cants.  *Id.* at 15.  Together, PLH and Mr. Lee's actions support an inference that Mr. Lee had apparent authority to bind PLH in a transaction with Plaintiff, making this issue a disputed question of fact for the jury to decide.

4. <u>Actual Authority</u>

Under principles of agency, an agent can bind a principal when he or she has actual authority to do so. *King,* 125 Wn.2d at 507.  An agent's actual authority is established based on the objective manifestations of the principal to the agent. *Bryant,* 146 Wn.2d at 109.  PLH argues Plaintiff has no evidence to establish an actual agency between PLH and Mr. Lee.  (Dkt. No. 49 at 3).  However, for the reasons discussed above, Plaintiff has offered sufficient evidence to preclude summary judgment on whether Mr. Lee had actual authority to contractually bind PLH.

5. <u>Chinese Settlement</u>

PLH argues Plaintiff settled its claims against Pacific Cedar in China and is therefore settlement barred from filing claims against either Pacific Cedar or PLH.  (Dkt. No. 38 at 8).  Plaintiff responds that,

because both Pacific Cedar and PLH were contractually liable, there is nothing in the settlement agreement that precludes Plaintiff's claims against PLH. (Dkt. No. 44 at 11).

PLH's promise to carry out Pacific Cedars' duties is enforceable by either Pacific Cedar or Plaintiff. RCW 62A.2-210(5). Furthermore, when a buyer breaches a contract, Article 2 does not restrict a seller to a single remedy. *Sprague v. Sumitomo Forestry,* 104 Wn.2d 751, 759, 709 P.2d 1200 (1985). Here, pursuant to the settlement agreement, Plaintiff is prohibited from pursuing additional claims against Pacific Cedar. However, because PLH was not a party to the settlement, it remains liable as an assignee to the contract. Because Article 2 allows Plaintiff to recover from the assignor and the assignee, the Chinese settlement agreement only affects the damages amount Plaintiff can recover from PLH.

6. <u>Misrepresentation</u>

PLH argues Plaintiff's misrepresentation claims should be dismissed because: 1) claims against PLH must be premised on Mr. Lee being PLH's agent and no such agency exists; 2) PLH cannot be liable for Mr. Lee's alleged actions because apparent authority is not a basis for tort liability in Washington; 3) Plaintiff voluntarily waived the letter of credit before sending the cargo to China and; 4) assuming Mr. Lee promised to open a letter of credit, this was a representation of future conduct and not a representation of existing fact. (Dkt. No. 38 at 10-11). Plaintiff responds that: 1) Mr. Lee acted as PLH's agent when he committed fraud; 2) the facts suggesting Plaintiff waived the letter of credit are disputed and; 3) evidence suggests Mr. Lee misrepresented an existing fact when he knowingly made promises to Plaintiff that Pacific Cedar could not honor. Each of PLH's arguments will be considered in turn.

First, PLH's argument that Mr. Lee is not its agent is unpersuasive because, as discussed in Sections 3 and 4 of this Order, Mr. Lee's status as an agent is a disputed question of fact for the jury to decide. Second, PLH overstates its cited legal authority when it argues apparent authority is not a basis for tort liability in Washington. *See Torres v. Salty Sea Days, Inc.,* 36 Wn. App. 668, 672, 676 P.2d 512

(1984).  Not only is this proposition uncited, but also the case is distinguishable.  *Torres* involved off-duty police officers and fire fighters who acted outside the scope of authority while providing boat security; the present matter potentially involves an agent acting within the scope of authority in negotiating a contract. *Id.*  Viewed in the light most favorable to Plaintiff, PHL could be liable under tort law if Mr. Lee engaged in fraudulent and material misrepresentation while furthering PHL's interests.  *See Robel v. Roundup Corp.,* 148 Wn.2d 35, 67, 59 P.3d 611 (2002); Restatement 2d Contracts Ch. 7, Topic 1 Introductory Note.  This, too, is a disputed question of fact for the jury to decide.

Third, because the facts surrounding Plaintiff voluntarily waiving the letter of credit are in dispute, this is also a question of fact.  Finally, whether Mr. Lee made a promise to Plaintiff he knew Pacific Cedar could not honor is another disputed issue of fact.  (Dkt. No. 44 at 18).  For all these reasons, the Court finds that summary judgment is inappropriate on the issue of whether PLH engaged in misrepresentation.

7. <u>Intent and Reliance</u>

PLH argues summary judgment is appropriate because Plaintiff cannot establish two essential elements of misrepresentation: 1) intent and 2) reliance.  (Dkt. No. 38 at 12).  Questions involving a person's state of mind are generally factual issues inappropriate for resolution by summary judgment.  *See Braxton-Secret v. Robins Co.,* 769 F.2d 528, 531 (9th Cir. 1985).  Accordingly, the intent behind Mr. Lee's representations to Plaintiff are factual issues for the jury to decide.

Turning to reliance, Plaintiff has offered evidence it would not have entered into the transaction without Mr. Lee's promise that PLH would furnish the required letter of credit.  (Dkt. #44 at 20). Additionally, Plaintiff stated that partial payments prior to a letter of credit being furnished are the industry standard and it expected this transaction would be no different.  *Id.*  Viewing evidence in a light most favorable to Plaintiff, Plaintiff has offered sufficient evidence to preclude summary judgment on the question of reliance.

B. <u>Defendant S.W. Lee's Motion for Summary Judgment</u>

Plaintiff's only claim against Mr. Lee is for fraud and/or misrepresentation. (Dkt. No. 44 at 21). While Mr. Lee submitted a separate Motion for Summary Judgment and Reply to Plaintiff's Response, his arguments concerning fraud and/or misrepresentation are nearly identical to PLH's arguments in both form and substance. Accordingly, for the reasons discussed above, Plaintiff has offered sufficient evidence to preclude Mr. Lee's summary judgment on the question of fraud and/or misrepresentation.

C. <u>Defendant Ja Ran Lee's Motion for Summary Judgment</u>

Mrs. Lee moves for dismissal pursuant to Fed R. Civ. P. 12(b)(6) or, alternatively, for summary judgment because she is not named in the Complaint and is not a party to this lawsuit. (Dkt. No. 31 at 1). Because both parties agree that Mrs. Lee is neither named in the Complaint nor a party to this lawsuit, this Court grants Mrs. Lee's motion for summary judgment without prejudice.

VI. CONCLUSION AND ORDER

Consistent with the discussion above, the Court GRANTS Defendant Ja Ran Lee's motion for summary judgment because she is not a party in this action. The Court further DENIES Defendant PLH and Mr. Lee's motions for summary judgment because genuine issues of material fact remain for trial.

DATED this 5th day of September, 2006.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE